IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID HASSEL, et al.

     Plaintiffs,          No. CIV S-10-0191 GEB KJM P

  vs.

D.K. SISTO, et al.

     Defendants.        <u>ORDER</u>

_____/

        Plaintiffs are state prisoners proceeding through counsel with an action under 42 U.S.C. § 1983. The court previously screened the complaint under 28 U.S.C. § 1915A and ordered service on defendants Sisto and Traquina, who have filed a motion to dismiss pursuant to Federal Rule Civil Procedure 12(b)(6). The court heard the motion on November 17, 2010.

        For the reasons stated at the hearing, the court finds that dismissal of the original complaint with leave to amend is appropriate.[1] Plaintiffs' amended complaint is due no later

---

[1] To be clear, the court will assess the amended complaint by the same standard applied to the original – that is, according to the Supreme Court's newly articulated definition of a well pleaded complaint. By that definition, a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009). Furthermore, a claim upon which the court can grant relief must have facial plausibility. <u>Twombly</u>, 550 U.S. at 570. "A claim has facial

than December 1, 2010.  Furthermore, as stated at the hearing of November 17, any pleadings filed beyond the court's deadline without leave will subject the filing party to sanctions, including the possibility that the submitted document will be stricken.

Accordingly, IT IS HEREBY ORDERED that:

1. The motion to dismiss (Docket No. 20) is granted, with leave to amend.
2. Plaintiffs shall file their amended complaint no later than December 1, 2010.

DATED:  November 18, 2010.

_____
U.S. MAGISTRATE JUDGE

4
hass0191.57

---

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949.